IN The United States District Court For The Northern District of Iowa

**FILED**

NOV 2 6 2001

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Eddie Carroll,
          Plaintiff,

V.

Case No. 4:01-CV-9067

State of Iowa,
L.W. Graves,
Andrea Wright,
Charles Higgins,
Frank Roffe,
Jim Rumsey,
G. Hohen thanes,
laurie Spurlsbage, John or Jane Doe,
          Defendants. sued in their individual and official Capacity.

Complaint

Jury Trial Demanded

## Preliminary Statement

This is a Civil rights action filed by Eddie Carroll, a state prisoner for damages and w/Junctive relief under 42 U.S.C. § 1983, alleging deliberate indifference and the wanton and unnecessy infliction of fain violation of the Eighth Amendment of the United States Constitution. This plaintiff also alleges the tort of negligence.

## Jurisdiction

1. This Court has jurisdiction over the plaintiffs' claims of violation of Constitutional rights under 42 §§ U.S.C. 1331

2. This Court has supplemental Jurisdiction over the plaintiffs state
claims under 28 U.S.C. §§ 1367

Parties

3. Plaintiff, Eddie Carroll was incarcerated at the Mt. Pleasant
Correctional Facility during the events described in this Complaint.

4. Defendant L.W. Graves is the Assistant Deputy Director of
Corrections for the Eastern Region. He is sued in his individual and
official Capacity.

5. Defendant Andrea Wright, is the Grievance officer of the Mt.
Pleasant Correctional Facility. She is sued in her individual and
official Capacity.

6. Defendant Charles Higgins, is Deputy Superintendent at the Mt.
Pleasant Correctional Facility. He is sued in his individual and official
Capacity.

7. Defendant Frank Roffe, is Treat ment Director, at the Mt. Pleasant
Correctional Facility. He is sued in his individual and official Capacity.

8. Defendant Jim Rumsey, is a Correctional Counselor at the Mt.
Pleasant Correctional Facility.

9. Defendent G. Hohenthanes, is a Nurse at the Mt. Pleasant Correctional Facility. She is sued in her individual and official Capacity.

10. Defendent laurie Spurlolage, is Administrative Assistent for the Deputy Director of the Iowa Department of Corrections. She is sued in her official Capacity.

Facts

11. On May 11, 2001, Plaintiff was transferred from the Iowa State Penitentary, to the Mt. Pleasant Correctional Facility.

12. On July 13, 2001, I submitted a medical request to be seen concerning constipation.

13. On approx. July 13 or 14, 2001, I was seen by the Health Co. Unit (H.C.U.) Nurse G. Hohenthanes. While there, I asked with or if I was going to receive the six (6) month Chem B (li functions.) test. G. Hohenthanes said she would check into i and sent me away. later that day, I was called back to the H.C.U. given a list of things to do to help the constipation, refused the doctors consultation and the issue of the test was never addressed.

14. On July 23, 2001, I filed a grievance contesting the matter. note: On July 23, 2001, I sent a med request to be interviewed his

15. On July 23, 2001, I received a response from the Grievance Officer Andrea Wright advising me to contact the H.C.U. and be specific about my concerns. I appealed this decision.

16. On August 1, 2001, I received a response from the Deputy Superentendent Charles Higgins advising me to follow the instructions of the grievance officer.

17. On August 3, 2001, I followed the instructions of the grievance officer.

18. On August 7, 2001, I was called to a meeting with the Assist Deputy Director L.W. Graves, in regards to a letter I had writt him concerning my health status. He encourged me to follow the directions of the grievance officer and the deputy Superentendent. He additionally suggested, I be good (in conduct) as Mt. Pleasant was better then Ft. Madison (Iowa State Penit where I had been.

19. On August 6, 2001, I received a response from the H.C.U. that the test would be scheduled however, up untill the date of my transfer it hadn't been done.

20. On September 6, 2001, I was transfered from Mt. Pleasant Correctional facility.

21. On August 22, 2001, I wrote a grievance to the Deputy Director of Corrections, however, because of lack of money and the transfer that eventually happened I wasn't able mail him a copy until September 26, 2001. In addition, Original Copy that I intended to send to the Deputy Direc Vanished from my personal property during transfer.

22. On September 14, 2001, before being released into the general population at the Anamosa State Penitentiary. I was Called to the H.C.U. and seen by Dr. Duthy. I was informed that the issue of the Hepititus B I I have had been resolved by Dr. Caldwell in 1999, w the Iowa State Penitentiary, it was no longer a issue an that I had no work restrictions.

23. On October 9, 2001, I received a response from Laurie Sputslage, that I had to submitt another grievance and that I had to use the required forms.

Denial of Medical Care

24. Cronic Hepititus B, is a terminal illness, with very f treatments available to treat the disease. It is extremely impr and the policy of the Mt. Pleasant Correctional Center to utilice Chem 6 liver functions test to Check every Six (6) months in c to determine what treatment if any Can be given.

25. While at the Iowa State Penitentary the test was conduct every six (6) months in accordance to policy. However, upon tran to Mt. Pleasant they failed to follow policy and thus have put my health and life in jeperdy.

26. I allege there is a conspiracy to cover up this life threatening disease and me having it because of the neglig of the staff at the Iowa Medical and Classification Center to check inmates upon entry into the system in 1997, the failure of the staff at the Iowa State Penitentary to prop treat the disease upon discovery and negligence and delibera indifference to acknowledge that the plaintiff even has the disease thus putting the plaintiff and the lives of other pris in jeperdy.

27. While I was in the Mt. Pleasant Correctional Center, I complai about constipation and was constantly ill. I write a journal an document all of my life struggles and have since 1999 wh first told of this disease. In addition, I believe I have infected others.

Claims for Relief

28. The actions of defendant G. Hohenthanes by denying me adequate assistance for my constipation, denying me doctors consultation, and refusing to acknowledge the need and recommending to the doctor to take the Class B Clive Sumber

pain and deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

29. The actions of defendant Andrea Wright, by checking into my medical file, acknowledging the need for the test, and being in a position to instruct that the test be done and didn't, constitutes deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

30. The inactions of defendants, L. W. Graves, Charles Higgi Frank Roffe, and Jim Rumsey as Assistant Deputy Director, Deputy Superintendent, Treatment Director, Correctional Counselor, and Scott Slage as Administrative Assistant, with personal knowledge of the situation and issues and did nothing and or impeded the progress was done maliciously and sadistically and constitutes cruel and unusual punishment, deliberate indifference and the wanton and unnecessary infliction of pain in violation of the Eighth Amendment of the United States Constitution.

Relief Requested

   WHEREFORE, Plaintiff request that the court grant the following relief;

A. Issue a declaratory Judgement stating that:

1. The denial of medical treatment by defendant G. Hohenthal violated the plaintiff's rights under the Eighth Amendment Of the United States Constitution and under the state law tort claim of Negligence.

2. The failure of Defendant Andrea Wright to make sure the Necessary medical treatment was administered to the plaintiff is deliberate indifference and violated the Plaintiff's rights under the Eighth Amendment of the United States Constitution.

3. The inactions of defendants, Graves, Higgins, Rolfe, Run, and Spurslage, for being aware of the situation and the issues amounts to Cruel and unusal punishment, and deliberate indifference in violation of the plaintiff's rights under the Eighth Amendment of the United States Constitution.

B. Issue an injunction ordering defendant C.W. Graves or his agent to:

1. Immediately have the Chem B test taken.

2. immediately arrange for plaintiff to be seen by a liver specialist to determine the extent of damage to the liver

C, Award Compensatory damages in the following amounts:

1. $ 250,000., against defendent G. Hohenthanes, for the physical and emotional injuries sustained as a result in delay of administering the proper medical attention.

2. $ 50,000 severally, against defendents Graves, Higgins, Roffe, Rumsey and Spitslage, for the punishment physi and emotional injuries sustained by their inaction to Plaintiffs serious medical needs.

D. Award Punitive damages in the following amounts:

1. $ 250, 000., against defendent G. Hohenthanes.

2. $50,000, each against defendents Graves, Higgins, Roffe, Rumsey, and Spitslage.

E. Grant such other relief as it may appear that plaintiff is entitled.

October. 13, 2001

Respectfully submitted,

Eddie Carroll
Anamosa State Penitentiary
406 North High St.
Box 10

IN The United States District Court For the Northern District of

Eddie Carroll,
        Plaintiff,

Case No.

V.

Motion for Appointment of
        Counsel

State of Iowa, etal.
        Defendents

In The United States District Court For The Northern District of

Eddie Carroll,
        Plaintiff,

Case No.

V.

motion for Appointment of
        Counsel

State of Iowa, etal.

Plaintiff Eddie Carroll, pursuant to § 1915, request Court to appoint Counsel to represent him in this case the following reasons:

2. The issues involved are complex.

3. The plaintiff being an on-call inmate, has extremely limited access to the law library.

4. The Plaintiff has a limited knowledge of the law.

October 13, 2001

Eddie Carroll
Anamosa State Penitentiary
406 North High St.
Anamosa, Iowa 52205

IN The United States District Court For The Northern Distr.
of Iowa

Eddie Carroll,
    Plaintiff,                                    Case No.

V.

State of Iowa, etal.


IN The United States District Court For The Northern Dist.
of Iowa

Eddie Carroll,
    Plaintiff,                                    Case No.

V,                                    Affidavit in support of Plaintiffs
                                      Motion for Appointment of
State of Iowa, etal.                          Counsel


State of Iowa

                                        ss:
County of Jones


Eddie Carroll, being duly sworn, deposes and says

1. I am the Plaintiff in the above entitled cause. I make this affidavit in support of my Motion for appointment of Counsel.

2. The Complaints in these Cases alleges that plaintiff was subjected to neglect, deliberate indifference and the Wan and unnecessary infliction of pain in regards to a serious like threatning disease. In addition, that because of his Complaints Concerning his health, the Classification Comm broke from the program policies and transferred him w he was in a parole board recommended program thus, R any chance for Consideration for work release or parole and prolonging his stay in prison.

3. This Case is Complex because it Contains several diff legal Claims, with each Claim involving a different se of defendents.

4. The Case involves medical issues that may require exper testimony.

5. The Plaintiff has demanded a Jury trial.

6. The Case will require discovery of documents and the deposition of a number of witnesses.

7. The testimony will be in sharp conflict, since the State will allege they were not at fault.

8. The plaintiff has only a high school education and no legal education.

9. The Plaintiff is in a status called On-Call, where he is only allowed out of his cell for short periods on short-days and four (4) hours every other day during a period called long-days if not sanctioned for discipline reasons. Thus, the plaintiff has limited access to the law library and has no ability to investigate the fact of the case.

10. As set forth in the memorandum of law submitted w/ this motion, these facts, along with the legal merit of the plaintiff claims, support the appointment of counsel to represent the plaintiff.

WHEREFORE, the plaintiff's motion for appointment of Counsel should be granted.

_Eddie Carroll_

Subscribed and sworn before me
this _17_ day of _October_ , 20 _01_

_Janet Fliehler_
Notary Public

Sworn to before me this
day of          , 20



JANET L. FLIEHLER
COMMISSION NO. 155186
MY COMMISSION EXPIRES
3-1-2002

NOTARIAL SEAL
IOWA

IN The United States District Court For the Northern District of Iowa

Eddie Carroll,
    Plaintiff,

                                   Case No.

V

   State of Iowa, etal.                   memorandum of law in support of
                                        Plaintiff's motion for the Appoint m
                                        Of Counsel

Eddie Carroll,
    Plaintiff,                              Case No.

V

state of Iowa, etal.

Statement of the Case

    This is a civil rights Case filed under 42 U.S.C. § 1983 by a state prisoner and asserting Claims of the Constitution denial of medical treatment, Negligence and due process the Classification proceedings. The Plaintiff seeks damages as to all Claims and an injunction to ensure proper medical treatment.

Statement of Facts

The Complaints allege that the plaintiff sought medical attention for Constipation, while there, asked the Nurse whether the annual six (6) month Chem B Cliver functional test would or could be administered. The Nurse Claimed she would Check and sent plaintiff away. later, the plaintiff was Called back to the Health Care Unit given instructions to relieve the Constipation, denied doctors Consultation and the issue of the test was never address. The plaintiff grieved the issue. The grievance officer Suggested I request specificly to have the Chem B test taken. I appealed and the deputy Superintendent made the same recommendation. I followed their instruction and the test was never done. Subsequently, plaintiff received a disciplinary report, was removed from a parole board recommeded program and transfered to another institution. Thus, because plaintiff didn't finish the program was denied parole or work release.

Argument

THE COURT SHOULD APPOINT COUNSEL FOR PLAINTIFF

In deciding whether to appoint Counsel for a indigent litigent, the Court should Consider, "the factual Complexities of the Case, the ab

Conflicting testimony, the ability of the indigent to present h
Claim and the complexity of the legal issues." Abdullah v. Gun
949 F.2d 1032, 1035 (9th Cir. 1991)(Citation omitted), Cert de
112 S.Ct. 1925 (1992) In addition, Courts have suggested that
the most important factor is whether the Case has merit. Cage
v. Bargenti Co., Inc. 877 F.2d 170, 173 (2d Cir. 1989) Ea
of these factors weighs in favor of appointing Counsel in
this Case.

1. Factual Complexity. The plantiff alleges that he was denied
medical treatment at the Mt. Pleasant Correctional Facility. Wh
he complained, the classification Committee broke policy wh
dealing with a disciplinary issue took him out of a parole
board recommended program and transfered him from the
institution. Thus, killing his chance for work release or
parole consideration. The sheer number of Claims makes th
a factually Complex Case.

One of the plantiff's Claims involves the denial of medical
Care; it will probably be necessary to present a medical exp
witness or to Cross examine medical witnesses called by
the defendents or both. The presence of medical or other is
requiring expert testimony supports the appointment of
Counsel. Moore v. Mabus, 976 F.2d 1070, 1073 (7th Cir. 1992);
Tucker v. Randall, 954 F.2d 388, 392 (7th Cir. 1991)

2. The Plaintiff's ability to investigate. The plaintiff is loca in a status called "On-Call," in a different institution from wh these events took place and has no ability to investigate the facts. A factor several Courts have cited in appointing Counse Tucker v. Randall, 948 F. 2d 388, 392 (7th Cir. 1991) Gatson v. Coughlin, 679 F. Supp. 270, 273 (W.D.N.Y. 1988); Armstrong v. Synder, 103 F.R.D. 96, 105 (E.D. Wis. 1984)

In addition, this case will require considerable discovery concerning the identity of witnesses and the plaintiff's medical history. See Tucker v. Dickey, 613 F. Supp. 1124, 113 34 (W.D. Wis. 1985) (need for discovery supported appointm of Counsel)

3. Conflicting testimony. The plaintiff's account will be in contrast to the defendants. This aspect of the case will be a credibility issue. The existence of these credibility issues support appointment of counsel. Gatson v. Cough 1 679 F. Supp. 270, 273 (W.D.N.Y. 1988)

4. The ability of the indigent to present his claim. The Plaintiff is a indigent prisoner with no legal training, a factor that supports appointment of Counsel. Whisenh v. Yuam, 739 F. 2d 160, 163 (4th Cir. 1984) In addition, plaintiff is confined in his cell in this On-C status with very limited access to legal materials. Rog v. Johnson, 969 F. 2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to law library as a factor supporting

5. Legal Complexity. The large Number of defendant some of whom are supervisory officials, present complex legal issues of determining who was personally involve in the Constitutional violations to be held liable. In addition, the plaintiff has asked for a jury trial which requires much greater legal skills then the plaintiff has or can develop. See Abdullah v. Gunter, 949 F.2d 1036 (8th Cir. 1991) Citing jury trial as a factor supporting appointment of Counsel), Cert. denied 112 S.Ct. 1995 (199.

6. Merit of the Case. The plaintiffs' allegations, if pro clearly would establish a Constitutional violation. The dep of Medical Care as alleged in the Complaint Clearly state an Eighth Amendment violation. See Estelle v. Gamble, 4: U.S. 97, 105, 97 S.Ct. 285 (1974). The allegation of retalia for Complaining about being denied medical Care is a violati of the First Amendment. Johnson-El v. Schoemehl, 878 1043, 1053-54 (8th Cir. 1989); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir 1989) Going against policy, removing plaintiff from a parole board recommended program stat a liberty interest thus, subject to due process and stat an Fourteenth Amendment Claim. Green v. Black, 755 F.2d 687, 688-89 (8th. Cir 1985) On its' face, then, this is a meritorious Case

Conclusion

For the foregoing reasons, the Court should grant the Plaintiffs' motion and appoint Counsel in this Case.


October 13, 2001

Eddie Carrell
Anamosa State Penitentiary
406 North High St.
Anamosa, Iowa 52205-0010

IN The United States District Court For The Northern District of Iowa

Eddie Carroll,
     Plaintiff,

                                          Case No.

V.

                                          Complaint

State of Iowa,
Charles Higgins,
Andrea Wright,
Frank Rolfe,
Jim Rumsey,
Jay Nelson,

                                          Jury Trial Demand

     Defendants, sued in their individual and official Capacity

Preliminary Statement

    This is a civil rights action filed by Eddie Carroll, a State Prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging discrimination, retaliation, and due process in violation of the First, Eighth and Fourteenth Amendments of the United States Constitution.

Jurisdiction

of his federal Constitutional rights under 42 U.S.C. §§ 13—

Parties

2. The Plantiff Eddie Carvell, was incarcerated at the Mt. Pleasant Correctional Facility during the events discribed this Complaint.

3. Defendent Charles Higgins, is the Deputy Superentenden at the Mt. Pleasant Correctional Facility. He is sued in his individual and official Capacity.

4. Defendent Andrea Wright, is the grievance Officer at the Mt. Pleasant Correctional Facility. She is sued in her individual and official Capacity

5. Defendent Frank Rotte, is the Treatment Director at the Mt. Pleasant Correctional Facility. He is sued in his individual and official Capacity.

6. Defendent Jim Ramsey, is a Correctional Counselor at the Mt. Pleasant Correctional Facility, He is sued in his official and individual Capacity.

7. Defendent Jay Nelson, is the Treatment Services Director at the Mt. Pleasant Correctional Facility

8.

9. All defendants have acted and continue to act under the color of state law at all times relevent to this case.

Facts

10. On May 11, 2001, I was transfered from the Iowa State Penitentiary to the Mt. Pleasant Correctional Facility.

11. On July 13, 2001, I submitted a medical request to be seen concerning constipation.

12. On approx. July 13 or 14, 2001, I was seen by the Health Care Unit (H.C.U.) Nurse White there, I asked why or if I was going to receive the Chem B (liver) functioned test. The Nurse who handled this issue said she would check into it and sent away. later that day, I was called back to the H.C.U. given a list of things to do to help the constipation, refused the docter and the issue of the test was never addressed.

13. On July 23, 2001, I filed a grievance.

14. On July 26, 2001, I received a response. I appealed.

15. On August 1, 2001, I received a responce from the appeal advising me to follow the suggestion of the grievance officer.

16. On August 3, 2001, I follow the advice of the grievance officer.

17. On August 7, 2001, I was called to a meeting with the Assistent Deputy Director of Corrections.

18. On August 6, 2001, I received a responce from the H.C.C saying they would do the test however, never did.

19. On August 27, 2001, I filed a grievance to the Deputy Director however, because of lack of money and the transfer that eventually happened, I was not able to make a copy untill September 26, 2001. Also, the Original copy vanished from my personal property during transfer.

20. On approx June 27, 2001, I began the Criminal thinking Education Program

21. On August 22, 2001, at approx. 10:00am, I informed Correctional Counselor Jim Rumsey, that I was having problems with C/o Oliver and asked to change my day hours to avoid him. His responce was that having a

Change Job hours to work it out with him. At appro.
1:38 pm., I received a minor report from said C/O
and at approx. 1:54 pm., I received a major report
for disobeying a order, verbal abuse and obstructive
disruptive behavior.

There was a two (2) day sanction pending for obstructive
behavior that I was forced to do to justify locking me
up. Upon completion of the sanction, Jay Nelson
issued an administrative segregation notice pending
the out come of the above mentioned report.

22. On August 28, 2001, I plead guilty and was given
eight (8) days disciplinary detention and sixteen (16)
days loss of earned time. later, that day, the treatment
director, Frank Rolfe, was making his rounds. I asked him
if I would be allowed to finish the program. He
assured me they were holding my bed, to report to my
Counselor Jim Rumsey upon my release and that I could
finish the program.

23. On September 6, 2001, I was transferred to the
Anamosa State Penitentiary.

24. On September 7, 2001, I filed a grievance.

25. On September 12, 2001, the response from the grievance
Officer was that my grievance had been forwarded to

Mt. Pleasant and that all future correspondence would have to be directed at them.

26. On September 24, 2001, I received a response from Mt. Pleasant's grievance officer Andrea Wright that Classification appeals were non-grievable. On the same day I sent a Classification appeal to the treatment director Frank Ro... via Certified Mail.

27. On September 26, 2001, I received a supplimental letter fr... the grievance officer explaining the grievance proceedure...

28. On October 3, 2001, I received a reply from the treatm... director in regards to my appeal. He explained there wa... three (3) day after transfer that appeals were to be submitted and that they had to be submitted to the Deputy Superentendent who sits on the classification Committee.

29. On October 4, 2001, I appealed to the Deputy Director via Certified mail.

30. On October 5, 2001, I was denied parole or work release Consideration



31. On October 16, 2001, I received a response from the deputy Directors office explaining that every instit has procedures for Classification appeals so, I must appeal to the Classification Committee in the institution Im in for redress. Note, while in orientation I asked about Classification appeals and was directed by the Counselor to address my appeal to the treatment Director.         Allegations

Due Process, Equal Protection and Retailiation

Per Policy of The Criminal Thinking Education Program (C.C.T.E.P.) at the Mt. Pleasant Correctional Facility, in ord to be removed from the the CTEP a prisoner has to ha been found guilty of four (4) major reports while in the program, any major reports involving violence, stealing, security breaches or withdrawal in drugs, lack of participation in the prog or the accumulation of 10 days disciplinary detention or more.

It appears it was the latter (10 days accumulation) that was the justification for the removal from the program. How the plaintiff contends it was the complaints concerning my health and retaliation for my exercising my rights as a Mu was the reason for removal. In addition, in regards to the accumulation of the ten (10) days disciplinary detention, the criteria goes on to state the following;

" This is a reference to time missed from program participation and a measurement of direction... Problems "

The programs in Mt. Pleasant are set up in halves. Each four (4) month program has a two (2) week brake period at the halfway point of the four (4) month period. This is for people who have finished the program to move on and new program participants can begin anew. During this time period there is no programming with the exception of the prisoners work schedule. This is when the infraction occured, (during the brake period had I been released on September 6, 2001, and allowed to return to the program, I would only missed six (6) days of program participation. The remaining days in the accumulation were either during the brake period or on the weekend where there was no program acti[...]

At the time I plead guilty, I had been convicte[d] of two (2) major reports, unauthorized absence and obstructive disruptive behavior, with the third (3rd) being the before mentioned. At no time did I refuse programming and I participated loyally.

The actions initiated by the Mt. Pleasant Classification Committee to remove me from programming without my knowledge or consent had a direct effect on the deci[sion] of the parole board to deny me parole or work release consideration as CTEP was a recommended program for release consideration.

IN line with due process and equal protection, the Classifi[cation] Committee should have followed "Policy" There was no violence and neither did the threat of violence exist

Claim for Relief

32. The actions of Charles Higgins, being deputy superintendent and overseeing all aspect of operation including the deprivations that occured as a result of the Classification Committees decision is in violation of the Eighth, First, and Fourteenth Amendment of the United States Constitution.

33. The actions of Andrea Wright, having personal knowledge of the issue and doing nothing is in violation of the Eighth Amendment of the United States Constitution.

34. The actions of Frank Rolle, as the Treatment Director is directly responsible for all Programs and he is a member of the Classification and was directly involved in the deprivations that occured as a result of the Classification Committees decision in violation of the Eighth, First and Fourteenth Amendments of the United States Constitution.

35. The actions of Jim Ramseyes my Counselor who was directly involved in the deprivations that occured as a result of the Classification Committees decision in violation of the Eighth, First and Fourteenth Amendments of the United States Constitution.

36. The actions of Joy Nelson, as treatment services Direct was directly involved in the deprivations that occured as a

of the First, Eighth and Fourteenth Amendments of the United States Constitution.

## Relief Requested

A. Issue an injunction ordering Defendants Higgins, Rolle, and Jay Nelson or their agents to:

1. Immediately give plaintiff Credit for the two (2) month of programming Completed and return plaintiff to Mt. Pleasant to Complete the program or give plaintiff Credit and allow him to Complete the program At the Anamosa State Penitentiary where he is.

B. Award Compensatory damages in the following amounts:

1. $2.30 per day, ~~from~~ for one year or the sum of $32,000. Jointly and severly against defendents Higgins, Rolle, Nelson, Wright and Rumsey for the emotional injuries that occured as a result of the deprivation and the prolong stay in prison.

C. Award Punitive damages

D. Grant such other relief as it may appear that plaintiff is entilted.

October 16, 2001

Eddie Carroll
Anamosa State Penitentary
406 North High St.
Anamosa, Iowa 52205-0010

FILED
U.S. DISTRICT COURT
SIOUX CITY DIVISIONAL OFFICE
NORTHERN DISTRICT OF IOWA
NO:

NOV 13 2001

November 8, 2001
Islaam M. Salaam (Eddie Ca.

Anamosa State Penitenta
406 North High St.
Anamosa, Iowa 522

Clerk of Court
United States District Court
320  6th St. Rm. 301
Sioux City, Iowa 51101-1210

CO1-4107

Dear Clerk:

On October 29, 2001, the court should have rece
two (2) Complaints along with attached related docum
At the time I wasn't able to provide financial info,
and though this is incomplete, this is the best I
Can do right now. Please, add this with my compla
for the Courts review.

Sincerely,

Islaam M. Salaam
Eddie Carroll 0054213

Offender Number: 0054213
Offender Name: CARROLL, EDDIE B
Living Unit: LUB
Cell: 159
Bed: 2

| Account Status: | Open | | | Beginning Balance: | $2.70 |
| Primary Balance: | ($12.44) | | | Deposits: | $52.40 |
| Savings Balance: | $100.00 | | | Expenditures: | ($19.50) |
| Hold Balance: | $0.00 | | | Commissary: | ($48.04) |
| Available Balance: | ($12.44) | | | Ending Balance: | ($12.44) |
| | | | | Mandatory Savings: | No |

**Deposits**

| Date | Payer | | | Paid To | Amount |
|---|---|---|---|---|---|
| 10/11/2001 | 504 ON CALL | | Primary | | $2.40 |
| 10/01/2001 | MR JENNIEL CARROLL | | Primary | | $50.00 |

**Expenditures**

| Date | Category | Recipient | Account | Check Number | Taxable | Pay For Stay | Taxes | S&H/Other | T |
|---|---|---|---|---|---|---|---|---|---|
| 10/29/2001 | POSTAGE | ASP - POSTAGE | | 9285 | ($5.09) | $0.00 | $0.00 | $0.00 | ($5 |
| 10/12/2001 | TYPEWRITER/RIBBONS | Business Control Systems | | 9182 | ($9.95) | $0.00 | $0.00 | $0.00 | ($9 |
| 10/11/2001 | POSTAGE | ASP - POSTAGE | | 9166 | ($2.10) | $0.00 | $0.00 | $0.00 | ($11 |
| 10/22/2001 | POSTAGE | ASP - POSTAGE | | 9166 | ($1.26) | $0.00 | $0.00 | $0.00 | ($2 |

*Expenditures Note: Check numbers refer to non-voided checks. Check numbers that were voided prior to the printing of this report will not appear.*

**Commissary**

| Date | Taxable | Non-Taxable | Pay For Stay | Max per Period | Taxes | Surcharges | Total | Paid To Curr | Taxes | Outside Source | Total Paid | Remaini |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/09/2001 | $0.00 | ($5.77) | ($0.23) | $0.00 | $0.00 | $0.00 | ($6.00) | $0.00 | $0.00 | ($6 |
| 10/07/2001 | $0.00 | ($9.39) | ($0.56) | $0.00 | | $0.00 | ($9.95) | $0.00 | $0.00 | ($9 |
| 10/05/2001 | $0.00 | ($30.27) | ($1.82) | $0.00 | | $0.00 | ($32.09) | $0.00 | $0.00 | ($2 |
| | | | | | | | $0.00 | | | ($1 |

**Remaining Obligations**

Description
No Remaining Obligations

| Description | Paid To | Period To Curr | Max per Period | Ordered | Pct Ordered | Transferred | Paid To Curr | Outside Source | Total Paid | T |
|---|---|---|---|---|---|---|---|---|---|---|

Iowa Department Of Corrections - ASP

10/01/2001 07:25

| Offender Number: | 0054213 | | Account Status: | Open | | Beginning Balance: | $0.00 |
| Offender Name: | CARROLL, EDDIE B | | Primary Balance: | $2.70 | | Deposits: | $73.62 |
| Living Unit: | LU8 | | Savings Balance: | $100.00 | | Expenditures: | ($9.23) |
| Cell: | 159 | | Hold Balance: | $0.00 | | Commissary: | ($61.69) |
| Bed: | 2 | | Available Balance: | $2.70 | | Ending Balance: | $2.70 |

Mandatory Savings: No

## Deposits

| Date | Payer | Account | Paid To | Amount |
|---|---|---|---|---|
| 09/18/2001 | Savings Transfer | Savings | | ($100.00) |
| 09/18/2001 | MAN SAVE | Primary | | $100.00 |
| 09/18/2001 | MAIL-MPCF | Primary | | $71.12 |
| 09/12/2001 | 501 ORIENTATION | Primary | | $2.50 |

## Expenditures

| Date | Category | Recipient | Account | Check Number | Taxable | Pay For Stay | Taxes | S&H/Other | To... |
|---|---|---|---|---|---|---|---|---|---|
| 09/25/2001 | POSTAGE | ASP - POSTAGE | Primary | 8947 | ($3.60) | $0.00 | $0.00 | $0.00 | ($3... |
| 09/12/2001 | POSTAGE | ASP - POSTAGE | Primary | 8852 | ($5.63) | $0.00 | $0.00 | $0.00 | ($5... |

*Expenditures Note. Check numbers refer to non-voided checks. Check numbers that were voided prior to the printing of this report will not appear.*

## Commissary

| Date | Taxable | Non-Taxable | Pay For Stay | Taxes | Surcharges | Total | Taxes | Outside Source | Total Paid | To... |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/30/2001 | $0.00 | ($5.06) | ($0.17) | $0.00 | $0.00 | ($5.23) | | | | |
| 09/25/2001 | $0.00 | ($11.72) | ($0.70) | $0.00 | $0.00 | ($12.42) | | | | |
| 09/23/2001 | $0.00 | ($40.19) | ($2.30) | $0.00 | $0.00 | ($42.49) | | | | |
| 09/12/2001 | $0.00 | ($1.46) | ($0.09) | $0.00 | $0.00 | ($1.55) | | | | |

## Remaining Obligations - Current and Past Balance (most recent)

| Description | Paid To | Period To Curr | Paid To Curr | Outside Source | Total Paid | Remaini... |
|---|---|---|---|---|---|---|
| No Remaining Obligations | | | | | | |

## Offender Information

Offender Number: 0054213
Offender Name: CARROLL, EDDIE B
Living Unit: E3D
Cell: 329
Bed: D

| | |
|---|---|
| Account Status: | Open |
| Primary Balance: | $2.69 |
| Savings Balance: | $100.00 |
| Hold Balance: | $0.00 |
| Available Balance: | $2.69 |

| | |
|---|---|
| Beginning Balance: | $1.62 |
| Deposits: | $2.60 |
| Expenditures: | $0.00 |
| Commissary: | ($1.53) |
| Ending Balance: | $2.69 |

Mandatory Savings: No

## Deposits

| Date | Payer | Account | Amount |
|---|---|---|---|
| 08/03/2001 | 050 IDLE | Restitution - FECR191549 | ($1.30) |
| 08/03/2001 | 050 IDLE | Child Support - 278192 | ($1.30) |
| 08/03/2001 | 050 IDLE | Child Support - 264261 | ($1.30) |
| 08/03/2001 | 050 IDLE | Primary | $6.50 |
| 08/03/2001 | 610 UNIT 3D | Court Filing Fee - CDCV030234 | $6.50 |
| 08/03/2001 | 610 UNIT 3D | Restitution - FECR191549 | ($3.50) |
| 08/03/2001 | 610 UNIT 3D | Child Support - 278192 | ($1.75) |
| 08/03/2001 | 610 UNIT 3D | Child Support - 264261 | ($1.75) |
| 08/03/2001 | 610 UNIT 3D | Primary | $8.75 |

## Expenditures

| Date | Category | Recipient | Check Number | Taxable | Pay For Stay | Total |
|---|---|---|---|---|---|---|
| No Activity | | | | | | |

## Commissary

| Date | Taxable | Non-Taxable | Pay For Stay | Taxes | Surcharges | Total |
|---|---|---|---|---|---|---|
| 08/03/2001 | $0.00 | ($1.51) | ($0.02) | $0.00 | $0.00 | ($1.53) |

## Remaining Obligations - Current as of Date and Time of Report

| Description | Paid To | Period To Curr | Max per Period | Ordered | Pct Ordered | Transferred | Paid To Curr | Outside Source | Total Paid | Total Remaining |
|---|---|---|---|---|---|---|---|---|---|---|
| Child Support - 264261 | Collection Services Center | $3.05 | $60.00 | N/A | 50% | N/A | $6.45 | N/A | $6.45 | N/A |
| Child Support - 278192 | Collection Services Center | $3.05 | $60.00 | N/A | 50% | N/A | $6.45 | N/A | $6.45 | N/A |
| Court Filing Fee - CDCV030234 | Lee Co Clerk of Court (North) | $3.50 | N/A | N/A | 1.3% | $37.31 | $10.30 | $0.00 | $47.61 | $32.39 |
| Restitution - FECR191549 | Scott Co Clerk of Court | $15.15 | N/A | $3153.91 | N/A | $406.91 | $32.45 | $0.00 | $439.36 | $2714.55 |
| | | | | | | | | **Total:** | | **$2746.94** |

Page 1

08/03/2001 15:13:32

## Offender Information

| | |
|---|---|
| Offender Number: | 0054213 |
| Offender Name: | CARROLL, EDDIE B |
| Living Unit: | E3D |
| Cell: | 329 |
| Bed: | D |

| | |
|---|---|
| Account Status: | Open |
| Primary Balance: | $1.62 |
| Savings Balance: | $100.00 |
| Hold Balance: | $0.00 |
| Available Balance: | $1.62 |

| | |
|---|---|
| Beginning Balance: | $26.73 |
| Deposits: | $39.46 |
| Expenditures: | ($36.83) |
| Commissary: | ($27.74) |
| Ending Balance: | $1.62 |

Mandatory Savings: No

## Deposits

| Date | Payer | Account | Amount |
|---|---|---|---|
| 07/16/2001 | PATRICIA CARROLL | Restitution - FECR191549 | ($10.00) |
| 07/16/2001 | PATRICIA CARROLL | Primary | $50.00 |
| 07/06/2001 | 050 IDLE | Court Filing Fee - CDCV030234 | ($4.20) |
| 07/06/2001 | 050 IDLE | Restitution - FECR191549 | ($2.10) |
| 07/06/2001 | 050 IDLE | Child Support - 278192 | ($2.10) |
| 07/06/2001 | 050 IDLE | Child Support - 264261 | ($2.10) |
| 07/06/2001 | 050 IDLE | Primary | $10.50 |
| 07/02/2001 | EDDIE CARROLL | Court Filing Fee - 97-4021 | ($0.54) |

## Expenditures

| Date | Category | Recipient | Account | Check Number | Taxable | Pay For Stay | Total |
|---|---|---|---|---|---|---|---|
| 07/26/2001 | OUTSIDE ORDER | J. L. MARCUS | Scott Co Clerk of Court | 12702 | ($30.50) | ($1.83) | ($35.83) |
| 07/10/2001 | OVERDRAFT | OVERDRAFT FUND | Office of the Clerk | | ($1.00) | $0.00 | ($1.00) |

Expenditures Note: Check numbers refer to non-voided checks. Check numbers that were voided prior to the printing of this report will not appear.

## Commissary

| Date | Taxable | Non-Taxable | Pay For Stay | Taxes | Surcharges | Total |
|---|---|---|---|---|---|---|
| 07/20/2001 | $0.00 | ($3.20) | | | ($0.19) | ($3.39) |
| 07/13/2001 | $0.00 | ($12.21) | | | ($0.73) | ($12.94) |
| 07/06/2001 | $0.00 | ($10.76) | | | ($0.65) | ($11.41) |

## Remaining Obligations - Current as of Date and Time of Report

| Description | Paid To | Period To Curr | Max per Period | Ordered | Pct Ordered | Transferred | Paid To Curr | Outside Source | Total Paid | Total Remaining |
|---|---|---|---|---|---|---|---|---|---|---|
| Child Support - 264261 | Collection Services Center | $0.00 | $60.00 | N/A | 50% | N/A | $29.40 | N/A | $29.40 | N/A |
| Child Support - 278192 | Collection Services Center | $0.00 | $60.00 | N/A | 50% | N/A | $5.80 | N/A | $6.80 | N/A |
| Court Filing Fee - (North) | Lee Co Clerk of Court | $0.00 | N/A | N/A | 50% | N/A | $3.40 | N/A | $3.40 | N/A |
| CDCV030234 | Scott Co Clerk of Court | $0.00 | N/A | $80.00 | 1.3% | $37.31 | $6.80 | N/A | $44.11 | $35.89 |
| Restitution - FECR191549 | Scott Co Clerk of Court | $12.10 | N/A | $3153.91 | N/A | $406.91 | $29.40 | $0.00 | $436.31 | $2717.60 |
| | | | | | | | | Total: | | $2753.49 |

Offender Profile

| Offender Number: | 0054213 | Account Status: | Open | Beginning Balance: | $40.24 |
| Offender Name: | CARROLL, EDDIE B | Primary Balance: | ($0.62) | Deposits: | ($0.54) |
| Living Unit: | 419 | Savings Balance: | $0.00 | Expenditures: | ($19.99) |
| Cell: | E7 | Hold Balance: | $0.00 | Commissary: | ($20.33) |
| Bed: | A | Available Balance: | ($0.62) | Ending Balance: | ($0.62) |
| | | | | Mandatory Savings: | Yes |

Deposits

| Date | Payer | Account | Paid To | Amount |
|---|---|---|---|---|
| 05/07/2001 | 260 260 UPHOLSTRY | Court Filing Fee - CDCVO 90234 | US DISTRICT COURT (NORTH) | ($33.24) |
| 05/07/2001 | 260 260 UPHOLSTRY | Savings | | ($1.76) |
| 05/07/2001 | 260 260 UPHOLSTRY | | | ($8.76) |
| 05/07/2001 | 260 260 UPHOLSTRY | Primary | | $43.75 |
| 05/07/2001 | 260 260 UPHOLSTRY | | | |
| 05/01/2001 | 260 260 UPHOLSTRY | Court Filing Fee - FECR191549 APPEAL | IA DISTRICT COURT/POLK | ($0.54) |

Expenditures

| Date | Category | Recipient | Check Number | Taxable | Pay For Stay | Taxes | S&H/Other | Total |
|---|---|---|---|---|---|---|---|---|
| 05/08/2001 | POSTAGE | ISP Support - Postage | 12335 | ($0.68) | $0.00 | $0.00 | $0.00 | ($0.68) |
| 04/18/2001 | Legal copies | ISP Support - Copies | 12129 | ($0.45) | $0.00 | $0.00 | $0.00 | ($0.45) |
| 04/18/2001 | A-A ACCOUNT | Savings | 12129 | ($5.57) | $0.00 | $0.00 | $0.00 | ($5.57) |
| 04/12/2001 | Family/Friend | SCOTT CO SHERIFF | 11944 | ($10.00) | $0.00 | $0.00 | $0.00 | ($10.00) |
| 04/12/2001 | Copies | ISP Support - Copies | 11920 | ($3.29) | $0.00 | $0.00 | $0.00 | ($3.29) |

Expenditures Note: Check numbers refer to non-voided checks. Check numbers that were voided prior to the printing of this report will not appear.

Court Obligations

| Date | Taxable | Non-Taxable | Period To Curr | Max per Period | Ordered | Taxes | Surcharges | Transferred | Total | Paid To Curr | Taxes | Outside Source | Total Paid | Total Remaining |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/01/2001 | ($2.23) | ($6.89) | ($0.58) | N/A | ($0.16) | ($0.01) | ($0.19) | ($9.21) | | ($0.31) | $0.00 | $0.00 | | |
| 04/17/2001 | $0.00 | ($9.62) | ($0.58) | N/A | $0.00 | $0.00 | | ($10.39) | | ($0.19) | $0.00 | $0.00 | | |

Restitution Obligations and Other Financial Expenses

| Description | Paid To | Period To Curr | Max per Period | Ordered | Pct Ordered | Surcharges | Total | Paid To Curr | Taxes | Outside Source | Total Paid | Total Remaining |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Court Filing Fee - FECR191549 APPEAL - COURT/CLERK/DIST (North) | IA DISTRICT COURT/POLK | $0.00 | N/A | $80.00 | 1.3% | | $121.95 | $37.31 | $0.00 | $0.00 | $37.31 | $42.69 |
| Court Filing Fee - CDCVO 90234 | Lee Co Clerk of Court | $33.24 | N/A | $80.00 | | | $104.46 | $104.46 | $0.00 | $0.00 | $104.46 | $0.54 |
| Restitution - FECR191549 C0016 | | $18.91 | N/A | $315.91 | | | | $406.91 | $0.00 | $0.00 | $406.91 | $247.00 |

Total: $2790.23

FILED

01 OCT 29 PM 1:4

I.F.P. Application

*pm*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
_____ DIVISION

Eddie Carrell                    )
                                 )
            Plaintiff,           )
                                 )          Case
    vs.                          )          No. C 01-4107 MWB
STATE of Iowa, etal.             )
_____ )
                                 )          APPLICATION TO
_____ )         PROCEED *IN FORMA*
                                 )          *PAUPERIS* in Civil
_____ )         Rights Action
                                 )
_____ )
                                 )
_____ )
                                 )
            Defendants.          )

    I, Eddie Carrell _____, declare that I am the
plaintiff in the above-entitled proceeding; that, in support of
my request to proceed without being required to **prepay** the full
$150.00 filing fee, I state that because of my poverty, I am
unable to prepay the filing fee for this action; that I believe I
am entitled to relief.

    In further support of this application, I answer the
following questions:

1.    Where are you imprisoned? Anamosa State Penitentiary

2.    When did you begin your imprisonment there? 9/00/01

3.    When do you expect to be released? ?

4.    Are you presently receiving an allowance or wages from the
prison or jail? _____NO_____ If the answer is YES, state the
amount of your allowance or wages per month. _____

5.    Have you received within the past 12 months any money from a business, profession or other type of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity, gifts, inheritances, court award or settlement, or other sources?  _Yes_    If YES, give the amount received and identify the sources:

_$150.  No Hnes_

_____

_____

6.    What is the current balance in your prison account? _-7.35_

7.    Do you own cash, or do you have money in a checking or savings account, other than a prison account?  _NO_   If YES, state the current balance: _____

8.    Do you own any real estate, stocks, bonds, notes, vehicles, or other valuable property (you need not mention ordinary household and cell furnishings, such as radios, TV sets, stereo, books, etc., and personal clothing)?  _NO_    If YES, describe the property and state its approximate value:

_____

_____

    I hereby authorize officials of the institution where I am incarcerated to release my financial records to the court.  **My identification number at this institution is** _0054213_   .
I further authorize the agency holding me in custody to disburse funds in an amount not to exceed $150.00 from my inmate account to the Clerk of the United States District Court, Northern District of Iowa, for the purpose of paying the initial partial filing fee and subsequent installment payments in this case.  I declare under penalty of perjury that I have read the foregoing and it is true, complete, and correct.

Signed this  _19_  day of _October_    , 19 _01_  .


_Eddie Carroll_
(Signature of Plaintiff)

2

## CERTIFICATE of INMATE ACCOUNT and ASSETS

I certify that the applicant, *Eddie Carroll* ,
I.D. # *0054213* , has the sum of $ (-7.35) on account to
his/her credit at the Anamosa State Penitentiary
institution where he/she is confined. I further certify that the
applicant likewise has the following securities to his/her credit
according to the records of said institution:

None

I further certify that, during the last six months, the
applicant's average inmate account balance was $_____, and
the past 6-month average monthly deposit amount to the inmate
account is $_____.

Based on the above inmate account balance: (Check the
appropriate response)

_____    The applicant has sufficient funds in his/her account
            to pay the $150.00 filing fee; OR

_____    The applicant has insufficient funds to pay the $150.00
            filing fee in full at this time. I calculate that 20
            percent of the greater of—

            (a) the average monthly deposits to his/her prison
            account; or

            (b) the average monthly balance in his/her prison
            account for the 6-month period immediately
            preceding the filing of the action

            is $_____, for the purpose of an initial partial
            filing fee. After payment of the initial partial
            filing fee, this office will forward 20 percent of the

10/24/01

*We don't have*     ~~.ous~~ month's income as monthly payments
*this information*   ~~.son~~ account to the clerk of the court
*since you just*     ~~.unt~~ in the account exceeds $10.00,
*came in here in*    ~~)~~ filing fee is paid in full.
*Sept. 2001.*

            , of _____, 19_____.

                        _____
                        Authorized Officer of Institution

                        3

October 16, 2001
Eddie Caroll 0054013
Anamosa State Penitentary
406 North High St.
Anamosa, Iowa 52205-a

Honorable Judge D. O'brien
United State District Court
320 6th St. Rm 301
Sioux City, Iowa 51101-1210

Dear Judge O'brien :

In addition to the claims presented in the Complaints, there are other claims that I'm attempting to investigate. Concernin Claims of conspiracy, fraud, negligence, the wanton and unnecessary infliction of pain, deliberate indifference, ect... brought against The Iowa Medical and Classification Center, Iowa State Penitentary, The University of Iowa Hospitals, the Iowa Department of Correction and various officials within the system.

Therefore, it is extremely important that counsel be appointed in this case so that a thorough investigation can be conducted. If it is the decision of the court to appoint counsel I respectfu request the court to consider appointing Attorney Phillip Mears, as I have had some experience dealing with him and he is familier with most of the players.

Respectfully,

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

EDDIE CARROLL,                      )
                                    )
            Plaintiff,              )      NO. C 01-4107-MWB
                                    )
      vs.                           )      **ORDER**
                                    )
STATE OF IOWA, L.W. GRAVES,         )
ANDREA WRIGHT, CHARLES HIGGINS,     )
FRANK ROFFE, JIM RUMSEY, G.         )
HOHENTHANES, LAURIE SPUFSLAGE,      )
JOHN OR JANE DOES,                  )
                                    )
            Defendants.             )

---

The court has before it a *pro se* complaint submitted by an inmate of the
Anamosa State Penitentiary, Anamosa, Iowa. The complaint is brought under 42
U.S.C. § 1983 and jurisdiction is predicated on 28 U.S.C. § 1343. Plaintiff seeks
damages and requests leave to proceed *in forma pauperis*.

The defendants are located in the Mount Pleasant Correctional Facility, Mount
Pleasant, Iowa, and plaintiff's claims arose there. Mount Pleasant is in the Southern
District of Iowa. Venue in this district is not proper. *See* 28 U.S.C. § 1391(b). In the
interest of justice, this case is transferred forthwith to the United States District Court
for the Southern District of Iowa. 28 U.S.C. § 1406(a). The Clerk is directed to file
the complaint without prepayment of fees and costs for the purpose of transferring the



case. The Clerk shall send the entire file forthwith to the Southern District at Des Moines, and retain a copy of the file.

By this order, the court expresses no opinion as to whether the complaint is frivolous for purposes of 28 U.S.C. § 1915A; neither does this court rule on plaintiff's application to proceed *in forma pauperis*.

IT IS SO ORDERED.

DATED this 21ˢᵗ day of ___Nov.___, 2001.

Mark W. Bennett, Chief Judge
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

2

TERMED TRANSF

U.S. District Court
Northern District of Iowa (Western)

CIVIL DOCKET FOR CASE #: 01-CV-4107

Carroll v. IA, State of, et al                    Filed: 10/29/01
Assigned to: Chief Judge Mark W Bennett
Demand: $0,000                          Nature of Suit: 550
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 42:1983 Prisoner Civil Rights


EDDIE CARROLL
     plaintiff


   v.


IA, STATE OF
     defendant


L W GRAVES, JR
     defendant


ANDREA WRIGHT
     defendant


CHARLES HIGGINS
     defendant


FRANK ROLFE
     defendant


JIM RUMSEY
     defendant


G HOHENTHANES
     defendant


LAURIE SPUFSLAGE
     defendant

Proceedings include all events.                                         TERMED
5:01cv4107 Carroll v. IA, State of, et al
                                                                        TRANSF
JOHN DOE
        defendant


JANE DOE
        defendant

Proceedings include all events.                                    TERMED
5:01cv4107 Carroll v. IA, State of, et al

                                                                          TRANSF

10/29/01 1        APPLICATION TO PROCEED IN FORMA PAUPERIS by plaintiff
                  Eddie Carroll  assigned to Clerk (copy to Rita in CR) (pm)

11/13/01 2        LETTER  from plaintiff Eddie Carroll w/attached financial
                  information (copy to Rita in CR) (pm)

11/21/01 3        ORDER  by Chief Judge Mark W. Bennett Case transferred  to
                  Dist of: SDIA  (cc: all counsel) (pm)